USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/25/2018

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X

BENIHANA OF TOKYO, LLC,

                Plaintiff,

-v-

ANGELO GORDON & CO., L.P. and BENIHANA INC.,

                Defendants.

------------------------------------------------------------X

16 Civ. 3800 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

This order resolves an application for attorneys' fees and costs by defendants Angelo, Gordon & Co. ("AGC") and Benihana, Inc. (individually and collectively with AGC, "BI"). Plaintiff Benihana of Tokyo, LLC ("BOT") brought this case in New York State court against AGC and BI. BOT claimed breaches of the 1994 Amended and Restated Agreement and Plan of Reorganization ("ARA") that broadly governs the relationship between BI and BOT, including allocating among them the worldwide rights to operate Benihana restaurants and to use Benihana trademarks. BI removed the case to federal court. In a decision issued March 8, 2017, the Court denied BOT's motion to remand the case to state court and granted BI's motion to dismiss BOT's claims. *See* Dkt. 51 ("Dismissal Decision"). On March 20, 2018, the Second Circuit affirmed. *Benihana of Tokyo, LLC v. Angelo, Gordon & Co., L.P.*, 712 F. App'x 85 (2d Cir. 2018).

BI now moves for an award of attorneys' fees and costs. Dkt 55; *see* Dkt. 56 (declaration of Alan H. Fein); Dkt. 57 (declaration of Nicole Gueron). BOT opposes this application. *See* Dkt. 64 (opposition brief); *see also* Dkt. 65 (BI reply.)

1

The Court denies BI's application for an award of fees and costs because the ARA does not provide any legal basis for such an award. In two previous cases, the Court has awarded fees and costs to BI in lawsuits in which it was adverse to BOT, *see Benihana Inc. v. Benihana of Tokyo, LLC*, 2016 WL 3647638 (S.D.N.Y. June 29, 2016) (awarding $118,860.26); *Benihana Inc. v. Benihana of Tokyo, LLC*, 2017 WL 6551198 (S.D.N.Y. 2017) (awarding $634,680.04), and today, in a separate matter, the Court awards BI an additional $936,665.24, *see Benihana of Tokyo, LLC v Benihana, Inc.*, 14 CV 224 (PAE). But in those cases, there was an explicit legal basis for such an award. In the first two cases, the License Agreement with BI pursuant to which BOT operates the Honolulu restaurant expressly provided for a fee award to a prevailing party. And the fees awarded today in 14 CV 224 are pursuant to a Lanham Act provision authorizing a fee award to a prevailing party in an exceptional case.

The ARA, however, does not contain any provision for a fee award. And New York law does not provide for fees to prevailing parties in breach of contract actions. BI instead seeks an award pursuant to the License Agreement governing the Honolulu restaurant. But while the parties' activities pursuant to (and BI's alleged breaches of) the License Agreement provided an important factual backdrop to BOT's claims of a breach of the ARA, and while the License Agreement's terms played an important role in this Court's legal analysis as to why BOT had failed to state a claim of a breach of the ARA, in the end, the case was brought and resolved exclusively under the ARA. The Court's decision granting BI's motion to dismiss emphasized this point. *See* Dismissal Decision at 28 ("BOT was at liberty to bring a breach of contract claim against BI under the License Agreement. The Court is not privy to BOT's thinking in eschewing such a claim in favor of a claim under the ARA, but presumably the decision to sue under the ARA was for one or more tactical reasons"). Had BOT brought a claim under the License

Agreement, the Court's reasoning would have been different, and at least theoretically, so might its outcome.

The Court accordingly denies BI's application for an award of fees and costs. In light of the basis for this decision, the Court does not have occasion to reach BOT's other arguments for not issuing such an award, which include the asserted untimeliness of BI's fee application.

The Clerk of Court is respectfully requested to terminate the motion pending at Dkt. 55. This case remains closed.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: July 25, 2018
New York, New York

3